Pualacin Pilaguisin v. Blanche

BIA
Reid, IJ
A220 360 444/445/446

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

_____

MARIA MANUELA PUALACIN
PILAGUISIN, D.R.P.P., D.J.P.P.,
> *Petitioners,*

v.

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

23-8118
NAC

**FOR PETITIONERS:**          Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**        Brian Boynton, Principal Deputy Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Christina R. Zeidan, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Maria Manuela Pualacin Pilaguisin and her minor children, natives and citizens of Ecuador, seek review of a November 30, 2023, decision of the BIA affirming a November 1, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maria Manuela Pualacin Pilaguisin, et al.*, Nos. A220 360 444/445/446 (B.I.A. Nov. 30, 2023), *aff'g* Nos. A220 360 444/445/446 (Immig. Ct. N.Y. City Nov. 1, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review fact-finding,

2

including a nexus determination, for substantial evidence. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal must establish either past persecution or a fear of future persecution and "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A), (C); 8 C.F.R. §§ 1208.13(b), 1208.16(b). Contrary to Pualacin's assertions otherwise, the "one central reason" standard applies to both asylum and withholding of removal. *See Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022). The protected ground "cannot be a minor, incidental, or tangential reason for the harm." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022).

The agency determined that Pualacin did not establish a nexus between her past harm and her race. Pualacin's brief does not meaningfully challenge this finding: she states that "[a] central reason of this persecution was their Indigenous

3

race. It was clear by the abundant taunts about their skin color and ethnicity" and "considering the threats, savage beatings, and that the police did nothing, this family was persecuted." She does not cite record evidence or case law and these assertions misstate the facts of her case: Pualacin did not allege that she was savagely beaten or taunted about her ethnicity by the people who threatened and robbed her. Accordingly, she has abandoned review of the agency's determination that she did not establish a nexus between her past harm and a protected ground. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming a claim abandoned where petitioner "devote[d] only a single conclusory sentence to the argument").

Even if we were to reach the issues, Pualacin did not offer evidence that she was threatened or robbed on account of her race. She claimed that the police failed to act because of her race and indigenous heritage, but she did not allege that the people who threatened her referenced her race, and the record reflected other motives, such as anger over the lack of permit to sell goods or general criminal

4

motives.  *See Garcia-Aranda*, 53 F.4th at 757; *Edimo-Doualla*, 464 F.3d at 282.

Similarly, she has not meaningfully addressed the agency's denial of her CAT claim.  *See Debique*, 58 F.4th at 684.  And the arguments she does make are unsupported and not relevant to her case.  She states that the agency erred in requiring her to show acquiescence to torture to state a CAT claim, but that is the standard required by regulation.  *See* 8 C.F.R. § 1208.18(a)(1).  And she does not support her claim that the agency should have applied the unable-or-unwilling-to protect standard applicable to asylum and withholding of removal.  *See Scarlett v. Barr*, 957 F.3d 316, 336 (2d Cir. 2020) (leaving it to BIA on remand to determine "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture"); *Matter of M-S-I-*, 29 I. & N. Dec. 61, 64 (B.I.A. 2025) ("[T]he acquiescence standard for CAT protection differs from the unable-or-unwilling standard for asylum and withholding of removal; the potential for private actor violence coupled with a speculation that police cannot or will not help is insufficient to prove acquiescence.").  Pualacin's unsupported statement that the "government did nothing but exacerbate the issue" does not compel a conclusion contrary to the agency's as there was no past torture or evidence suggesting future harm rising to

5

the level of torture. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires us to ask only whether record evidence compelled . . . [a] finding different from that reached by the agency.").

As set forth above, the brief, filed by counsel Michael Borja, abandons dispositive grounds for the agency's decision and misstates the facts. Additionally, it addresses findings the agency did not make, such as challenging the denial of the asylum claim as untimely, and repeats arguments already rejected in other cases filed by counsel. Given the defects in briefing, a copy of this order will be forwarded to the Grievance Panel.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6